IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aurelio Seoane Armada,   Case No. 3:23CV1348

    Petitioner

v.   **ORDER**

Warden Ian M. Healy,

    Respondent.

*Pro se* petitioner Aurelio Seoane Armada is a federal immigration detainee currently in custody at Federal Correctional Institution, Elkton ("Elkton"). Armada filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons's ("BOP") determination regarding his eligibility for sentence credits under the First Step Act ("FSA") (Doc. No. 1).

For the following reasons, I dismiss this action without prejudice.

## Background

According to the petition, Armada fled Cuba as a young man and obtained asylum in the United States. While in the United States, Armada engaged in an altercation with another individual whose death he caused. He served ten years in prison. Following his release from prison, in 1995, immigration authorities placed Armada in "exclusion" proceedings and ordered him excluded from the United States. Armada states that because he could not be deported to

Cuba, he was released on supervision and provided authorization to work. Years later, Armada became a drug courier, and, in 2019, a federal grand jury indicted him. In December 2020, he received a 70-month sentence of imprisonment. (Doc. No. 1-2).

Armada claims that he was an "eligible" prisoner under the FSA and earned 365 days of FSA credits while in prison. Consequently, his release was scheduled for May 16, 2023. Prior to his release, however, the BOP determined that the 1995 exclusion order constituted a final order of removal under the FSA. Based on this determination, the BOP eliminated Armada's 365 days of FSA credit and recalculated his release date to May 16, 2024. (*Id.*).

On May 12, 2023, Armada attempted an informal resolution with the Elkton staff, objecting to the BOP's determination. The Elkton staff concluded that "inmates with a final order of deportation are not eligible to apply federal time credits." (Doc. 1-10). On May 14, 2023, Armada filed with the warden a formal request for administrative remedy, stating that his exclusion order was not a final removal order. The warden denied Armada's request, stating that Immigration and Customs Enforcement lodged a detainer against him because he has a final order of deportation under the FSA. The warden therefore denied Armada's request for administrative remedy. (Doc. No. 1-12).

Thereafter, Armada appealed to the BOP's regional director. But before the regional director responded to Armada's appeal, Armada filed this petition under Section 2241. Armada now seeks this Court's intervention, asking the Court to order the BOP to provide him the earned FSA credits.

## Standard of Review and Discussion

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Before seeking habeas relief under § 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). As the Supreme Court has explained, exhaustion serves two important functions: (1) exhaustion protects administrative agency authority, providing the agency an opportunity to correct its own mistakes before being hailed into federal court; and (2) exhaustion promotes efficiency, providing a means to resolve claims more quickly and economically before an agency rather than in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted). *See also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) he must follow his complaint with an appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). "An inmate cannot simply fail to file a grievance or abandon the

3

process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, where state remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146--48, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992), superseded by statute, 42 U.S.C. § 1997e(a); *Quionones v. Williams*, No. 4:20-cv-01067, 2020 U.S. Dist. LEXIS 178112, at *2 (N.D. Ohio Sep. 28, 2020). *See also Rose v. Lundy*, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (stating that exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist.").

Here, Armada concedes that he has not exhausted his administrative remedies, claiming that any further appeal to the BOP would be futile and cause irreparable harm. The record demonstrates that Armada filed a request for administrative remedy with the warden, which was denied, and he appealed the warden's decision to the regional director. (*See* Doc. No. 1 at 3). Armada states that he did not appeal to the office of the General Counsel because he has not yet received a response from the regional director. (*Id.* at 3-4). Alexander has therefore failed to exhaust his administrative remedies.

Additionally, Armada has failed to demonstrate futility or exceptional circumstances of peculiar urgency excusing exhaustion. The petitioner claims that the BOP has misconstrued the First Step Act requirements and mistakenly considered his 1995 exclusion order a "final order of removal" resulting in his ineligibility for earned-time credits. (*See* Doc. No. 1-2). But he has not provided the BOP with an opportunity to correct its own purported mistakes. And the BOP is in

4

the best position to determine whether it erred. Although the petitioner might not believe he will get the result he desires from the BOP, he will not know until he pursues and exhausts his claim by waiting for the decision of the regional director or, if necessary, continuing up the chain of administrative review to the General Counsel. Petitioner must therefore pursue his remedies with the BOP.

## Conclusion

It is, therefore,

ORDERED THAT:

(1) This action (Doc. No. 1) be, and the same hereby is, dismissed without prejudice to Petitioner refiling a petition for habeas relief under Section 2241 after exhausting his administrative remedies with the BOP, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases; and

(2) I hereby certify, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge